**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————X

A.A., on behalf of herself and M.L.,

               Plaintiff,                                    **COMPLAINT**

                        v.                       Case No. _____

New York City Department of Education,
New York City Board of Education, and
KAMAR H. SAMUELS, in his official capacity as
Chancellor of the New York City School District,

               Defendants.

———————————————————————————X

Plaintiff A.A. ("Plaintiff"), individually and as a parent of M.L., a child with a disability, by and through her attorneys, Advocates for Children of New York ("AFC") and Cozen O'Connor ("Cozen"), hereby alleges:

1. On March 10, 2026, Impartial Hearing Officer Sarah Fine ("IHO") issued an erroneous order dismissing Plaintiff's due process complaint ("DPC"). Contrary to the dismissal order and as detailed below, Plaintiff's DPC contained a timely claim under the Individuals with Disabilities Education Act ("IDEA") and stated sufficient facts in support of a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"). While Plaintiff seeks review of the dismissal of her IDEA claim before the Office of State Review, that administrative body lacks jurisdiction over Plaintiff's Section 504 claim. Thus, Plaintiff is seeking review of the dismissal of her Section 504 claim before this Court.

2. Plaintiff seeks a ruling that Defendants violated Section 504, the Americans with Disabilities Act, and 42 U.S.C. § 1983 by (1) discriminating against M.L. by failing to provide M.L. with a free and appropriate public education ("FAPE") during the 2023-2024 school year

and (2) failing to provide or pay for M.L.'s breakfast and lunch that A.A. paid while M.L. attended an appropriate private school because of his disability during the 2023-2024 school year.  Plaintiff seeks an order requiring Defendants to reimburse (1) M.L.'s tuition expenses from November 2023 through June 2024, for which Defendants failed to pay, and (2) M.L.'s breakfast and lunch expenses while at school incurred during that same time period.

**PARTIES**

3.      Plaintiff A.A. resides in Bronx County, State of New York, and is the parent of M.L.

4.      Plaintiff M.L. is a child with a disability as defined by Section 504 and the Americans with Disabilities Act.

5.      Defendant New York City Department of Education (the "DOE"), along with Defendant New York City Board of Education, is the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities.  N.Y. Educ. Law §§ 2590, 2590-g.  The DOE is a recipient of federal assistance. The DOE is a branch of municipal government in New York City, with its principal place of business located at 52 Chambers Street, New York, New York, 10007.

6.      Defendant Kamar H. Samuels is the Chancellor of the DOE ("the Chancellor"), and as such is entrusted with the specific powers and duties set forth in N.Y. Educ. Law § 2590-h, including oversight of the DOE's provision of education and services to students with disabilities under Section 504.  The Chancellor's principal place of business is located at 52 Chambers Street, New York, New York, 10007.  Collectively, the Chancellor, the DOE, and the New York City Board of Education are referred to herein as "Defendants."

2

**JURISDICTION AND VENUE**

7.    Jurisdiction is based upon Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and 42 U.S.C. § 1983.

8.    Venue is based upon 28 U.S.C. § 1391(b)(1).

**FACTUAL BACKGROUND**

*M.L.'s Educational History*

9.    During the 2023-2024 school year, M.L. was a sixteen-year-old student classified by the DOE as a student with Autism.  He meets the diagnostic criteria for Autism Spectrum Disorder ("ASD"), a Specific Learning Disorder in Reading (dyslexia profile) and a Specific Learning Disorder in Written Expression.

10.    During the 2023-2024 school year, and throughout his education, M.L. required placement in a specialized and individualized educational environment that provided him with intensive and frequent language-based instruction and multisensory phonics-based reading remediation throughout the school day, and ASD-specific instruction, in order to have access to and receive a FAPE.

11.    In 2016, while in 5th grade, M.L. began attending the Aaron School (the "Private School").  The DOE funded M.L.'s tuition at the Private School through impartial hearing orders or by agreement.   In addition, the DOE paid for the cost of M.L.'s breakfast and lunch each school year that he attended the Private School pursuant to hearing orders or agreement.  As recently as the 2022-2023 school year, M.L.'s tuition at the Private School and breakfast and lunch was fully funded by the DOE pursuant to a hearing order.

12.     Beginning in November of the 2023-2024 school year, the DOE unlawfully reversed its prior funding of M.L.'s Private School, denied him a FAPE, and failed to pay for M.L.'s breakfast and lunch, meal expenses that M.L. is entitled to receive for free.

13.     Prior to the start of the 2023-2024 school year, the DOE held a procedurally and substantively inappropriate Individualized Education Program ("IEP") meeting.  The IEP team recommended a 12:1+1 classroom in a District 75 school with related services for M.L. despite documented findings indicating that this setting was inappropriate.

14.     Additionally, the DOE created a substantively flawed IEP because it provided no new goals or supports to address his academic needs.  For example, the 2023 IEP listed no reading comprehension goals despite M.L.'s 2020 evaluations indicating that his reading comprehension skills were a significant area of need as he continued to perform at an elementary level.

15.     Additionally, the 2023 IEP did not include any meaningful goals to address M.L.'s challenges with reading and writing due to his dyslexia and phonological weaknesses.

16.     The 2023 IEP also failed to include goals to assist M.L. in addressing his deficits in math despite noting that M.L. was performing significantly below grade level.

17.     Further, while the DOE relied on and cited to M.L.'s winter December 2021 neuropsychological testing to create M.L.'s 2023 IEP, it failed to include the supports recommended by that evaluation to ensure that M.L. received an educational benefit.  Despite M.L.'s long established and documented challenges and behaviors related to his ASD, the IEP team failed to include any ASD specific supports to address these challenges or behaviors.

18.     The DOE denied M.L. a FAPE by developing an IEP that did not meet his basic needs related to his disability.

19.    The DOE also failed to review key sections of the IEP with Plaintiff during the meeting.

20.    On June 20, 2023, Plaintiff sent a ten-day notice ("TDN") to the DOE stating that the DOE did not offer M.L. a FAPE and stating her intention to continue M.L.'s placement at the Private School and to seek tuition payment for the 2023-2024 school year, round-trip transportation, and reimbursement for breakfasts and lunch if the DOE did not offer an appropriate DOE program for M.L.

21.    In addition to the failures in the IEP, the TDN informed the DOE that it had not offered M.L. a school placement for the 2023-2024 school year.

22.    Plaintiff made it clear in the TDN that she would happily consider any recommended placements and programs for the 2023-2024 school year.

23.    Following Plaintiff's TDN, the DOE sent Plaintiff a determination letter dated July 12, 2023.   The letter stated the DOE's intent to try to settle Plaintiff's claims set forth in the TDN.

24.    Subsequent to the TDN, the DOE offered M.L. a placement at 75X754 J.M. Rapport School for the 2023-2024 school, the same school that the DOE had offered M.L. for the prior three years.  For the 2022-2023 school year, for which the same placement at 75X754 J.M. Rapport School was offered, the DOE attorney *conceded* that the DOE had not provided a FAPE, and the hearing officer at the time awarded Plaintiff's tuition for the Private School, finding that (1) the DOE made substantive violations in the provision of services, which sufficiently establish a denial of FAPE; (2) the Private School is an appropriate placement for M.L.; and (3) the equities in the action favor Plaintiff.   This placement had also been found to be inappropriate for M.L. by prior hearing officers.

25.    M.L. did not attend school during the summer of 2023.  Rather, Plaintiff signed a contract on August 18, 2023, to enroll M.L. at the Private School for the 2023-2024 school year beginning in September 2023.   The  contract explicitly referenced a September 7, 2023 start date.   Further, the tuition affidavit submitted by the Private School in connection with the due process proceeding specifies that the tuition related to M.L.'s attendance at the school from September 7, 2023 through June 13, 2024.

26.    The DOE paid M.L.'s tuition at the Private School from September 7, 2023 through the end of October, 2023.  The DOE has also reimbursed A.A. for the costs of M.L.'s breakfast and lunch while at the Private School during the months of September and October 2023.  The DOE has not made any payments for M.L.'s tuition or breakfast or lunch costs for the 2023-2024 school year after October 2023.

***Plaintiff's 2025 Due Process Complaint***

27.    On September 4, 2025, Plaintiff filed a DPC before DOE's Office of State Review alleging violations under the IDEA and Section 504 for depriving M.L. a FAPE and failing to accommodate M.L.'s disability.  Plaintiff sought funding for tuition at the Private School for the November 2023 through June 2024 time period and reimbursement for M.L.'s breakfast and lunch for that same period.

28.    On October 23, 2025, the DOE filed a motion to dismiss arguing, predominantly, that Plaintiff's claims were time-barred.  The DOE also argued that Plaintiff's Section 504 claim was boilerplate and unsupported by allegations of discrimination.  On November 1, 2025, Plaintiff filed an opposition to the DOE's motion.

29.    A hearing on the merits was held on November 10, 2025.   The DOE did not call witnesses, cross-examine Plaintiff's witnesses, or submit disclosures.  Plaintiff submitted

testimony and evidence showing the repeated failure of the DOE to provide a FAPE to M.L. during the 2023-2024 school year, the need for M.L. to attend the Private School to receive an appropriate education because of his disability, the discrimination against M.L. due to his disability, and the failure to accommodate M.L.'s disability, all resulting in the need for the DOE to pay M.L.'s tuition at the Private School and reimburse the cost of M.L.'s breakfast and lunch while he attended the Private School because of his disability during the time period of November 2023 through June 2024.

30.    On March 10, 2026, the IHO dismissed Plaintiff's DPC with prejudice, finding (erroneously) that (1) Plaintiff's claim under the IDEA was barred by the statute of limitations, and (2) Plaintiff's Section 504 claim was not sufficiently supported with facts establishing proof of bad faith or gross misjudgment by the DOE towards M.L.  The IHO also mischaracterized Plaintiff's Section 504 claim as relating only to a claim for reimbursement of breakfast and lunch, and ignoring Plaintiff's claim that the DOE violated Section 504 by failing to provide M.L. a FAPE.

31.    The IHO's decision was clear error.  *First*, the IHO failed to apply the applicable statute of limitations.  The relief sought in the DPC was squarely within the two-year statute of limitations under the IDEA.   Plaintiff did not know of Defendants' affirmative denial of a FAPE to M.L. until the start of M.L.'s school year on September 7, 2023, rendering her DPC filed less than two years later, on September 4, 2025 timely.  Plaintiff's appeal of the IHO's decision is currently pending before the New York State Education Department's Office of State Review.

32.    The IHO's decision with regard to Plaintiff's Section 504 claims was also clear error.  There is no dispute that Plaintiff's Section 504 claims were timely.  A three-year statute of limitations applies to all claims under Section 504, *see Morse v. University of Vermont*, 973 F.2d

122 (2d Cir. 1992), meaning Plaintiff's DPC was filed well within the limitations period. Indeed, the DOE even conceded that Plaintiff's Section 504 claim was timely in its motion to dismiss. And, the Second Circuit in *Morse*, 973 F.2d at 122, made clear that the three-year statute of limitation applies to all claims under Section 504, without distinguishing among the types of claims. *See also Board of Education of the North Rockland Central School District v. C.M.* 744 Fed.Appx. 7 (2d Cir. 2018).

33. *Second*, the IHO misconstrued Plaintiff's claims under Section 504 and the law as it relates to Section 504 claims for plaintiffs in educational disability discrimination cases.

34. The IHO mischaracterized Plaintiff's claims under Section 504 as related only to reimbursement for breakfast and lunch while M.L. attended the Private School due to his disability-related educational needs. However, Plaintiff's Section 504 claim also related to the denial of a FAPE to M.L.

35. Section 504 requires a school district to provide students with a disability with a FAPE, regardless of the nature or severity of the disability. Under Section 504, FAPE consists of the provision of regular or special education and related aids and services designed to meet the student's individual educational needs as adequately as the needs of nondisabled students are met. 34 C.F.R. Part 104.33.

36. The IHO erroneously ruled that a heightened standard applies to claims brought under Section 504 in the educational context. But, in educational disability discrimination cases, such as this one, the Supreme Court has ruled that a heightened showing of "bad faith or gross misjudgment" is ***not*** required. *A.J.T. ex rel. A.T. & G.T. v. Osseo Area Schs., Indep. Sch. Dist. No. 279*, 605 U.S. 335, 350-51 (2025). In dismissing Plaintiff's Section 504 claims, the IHO disregarded the applicable standard set by the Supreme Court in *A.J.T.*, 605 U.S. at 350-51.

37.    To show a violation of Section 504, "a plaintiff must show that he or she (1) has a disability; (2) is 'otherwise qualified' for the benefit that has been denied, and (3) has been denied the benefit by reason of the disability." *C.D. v. New York City Department of Education*, No. 05 Civ. 7945, 2009 WL 400382, at *7 (S.D.N.Y. Feb. 11, 2009).  Plaintiff's DPC sufficiently met this standard.

38.    The evidence presented at the hearing demonstrated that for several years prior to and including the 2023-2024 school year, the DOE offered a program that did not address M.L.'s disability related needs.  In addition, as acknowledged by the DOE, the DOE offered the same school placement for the 2023-2024 school despite prior hearing orders finding the school inappropriate and knowing the DOE school placement could not provide M.L. with the supports he required to make progress.  For at least the 2021-22, and 2022-23 school years, the DOE offered a D75 8:1+1 classroom at JM Rapport and for both years the DOE was found to have failed to offer M.L. a FAPE.  Even in the face of years of either settlements or hearing orders agreeing that the DOE's program of an 8:1+1 classroom at JM Rapport could not meet M.L.'s needs, in April 2023 the DOE reduced M.L.'s supports to a D75 12:1+1 classroom while also continuing to fail to incorporate the services and supports recommended by M.L.'s only evaluation.  The DOE then recommended the same school that they had told A.A. for years did not have the services and supports to address M.L.'s specific disabilities.  This was a denial of FAPE resulting in a violation of Section 504.

39.    In addition, the DPC and evidence submitted in the DPC proceeding established that M.L. would have received school breakfast and lunch if he attended a DOE public school. The DOE did not offer any accommodations to pay or provide for M.L.'s breakfast and lunch during 2023-2024 school year.  M.L. had to attend the Private School to receive an appropriate

education because of his disabilities.  Because of the DOE's failure to provide M.L. with this accommodation for his disabilities, A.A. had to use her own funds to purchase breakfast and lunch for M.L. at a cost of $15.00 per day.  As the Southern District of New York held in *CD  v. New York City Department of Education*, 2009 WL 400382, at *7, "students with disabilities should not have to choose whether to learn or to eat, and the law does not require them to choose."

### Count I: Violation of Section 504 of the Rehabilitation Act
### For Denying M.L. a FAPE

40.     Plaintiff repeats and realleges paragraphs 1-39 as if fully set forth herein.

41.     M.L. is a child with a disability under the Rehabilitation Act.

42.     Defendants are recipients of federal assistance.

43.     Under Section 504 of the Rehabilitation Act and its implementing regulations, M.L. is entitled to receive a free appropriate public education in Defendants' schools.

44.     Because the DOE failed to provide a FAPE to M.L. for the 2023-2024 school year, Plaintiff had no choice other than to secure an appropriate placement at the Private School where he was able to receive an appropriate education that accommodated his disabilities.

45.     Defendants, in denying M.L. reasonable accommodations, denying him equal access to educational services, and failing to provide him with a FAPE, violated Section 504 by discriminating against M.L. based upon his disability.

46.     Specifically, Defendants held a procedurally and substantively inappropriate IEP meeting, during which Defendants failed to review key sections of M.L.'s IEP with Plaintiff.  Moreover, the IEP meeting resulted in an IEP that failed to meet M.L.'s basic needs related to his disability.  The IEP failed to address M.L.'s reading comprehension deficits, math deficits, and M.L.'s challenges with reading and writing due to his dyslexia and

phonological weaknesses.  The IEP also failed to include any ASD specific supports for M.L. despite M.L.'s documented challenges and behaviors related to his ASD.

47.    Subsequently, Defendants failed to pay for M.L.'s tuition at his Private School from November 2023 through June 2024, where his needs were appropriately addressed.

48.    Because of Defendants' discrimination and violation of Section 504, Plaintiff is entitled to payment for the cost of M.L.'s tuition at the Private School from November 2023 through June 2024.

### Count II: Violation of Section 504 of the Rehabilitation Act For Failure to Reimburse the Plaintiff

49.    Plaintiff repeats and realleges paragraphs 1-48 as if fully set forth herein.

50.    Defendants discriminated against M.L. based upon his disability in failing to provide or pay for M.L.'s breakfast and lunch in the 2023-2024 school year while M.L. attended the Private School because of his disability.

51.    M.L. is otherwise qualified to receive free breakfast and lunch from the DOE because New York City provides free school meals to all students in New York City public schools.

52.    Defendants did not offer M.L. any accommodations so that he could attend an appropriate school for his disabilities and receive free breakfast and lunch.

53.    M.L.'s disabilities are therefore the substantial cause of his inability to receive breakfast and lunch during the 2023-2024 school year.

54.    The DOE discriminated against M.L. based upon his disability in failing to pay for his breakfast and lunch every day while M.L. attended the Private School during the 2023-2024 school, in violation of Section 504 of the Rehabilitation Act.

11

### Count III: Violation of the Americans with Disabilities Act

55.    Plaintiff repeats and realleges paragraphs 1-54 as if fully set forth herein.

56.    M.L. is a child with a disability under the Americans with Disabilities Act.

57.    The DOE discriminated against M.L. based upon his disability in failing to offer him an appropriate school program and placement for the 2023-2024 school year.

58.    The DOE discriminated against M.L. based upon his disability in failing to provide or pay for breakfast and lunch during the 2023-2024 school year, while M.L. attended the Private School because of his disability, in violation of the Americans with Disabilities Act.

### Count IV: Violation of 42 U.S.C. § 1983

59.    Plaintiff repeats and realleges paragraphs 1-58 as if fully set forth herein.

60.    By discriminating against M.L. on the basis of M.L.'s disability, in violation of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act, Defendants have violated 42 U.S.C. § 1983.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court issue the following relief:

A.    Issue an order reversing the IHO's dismissal of Plaintiff's Section 504 claim;

B.    Issue an order declaring that Defendants denied M.L. a FAPE in violation of Section 504;

C.    Issue an order declaring that Defendants discriminated against M.L. based upon his disability in violation of Section 504 by failing to pay or provide M.L.'s breakfast and lunch while at the Private School, which he would have received for free if the DOE had offered a public school that accommodated his educational needs due to his disability;

D.    Issue an order declaring that Defendants discriminated against M.L. based upon his disability in violation of the Americans with Disabilities Act;

E.    Issue an order declaring that Defendants violated Plaintiff's rights under 42 U.S.C. § 1983;

12

F.  Issue an order requiring Defendants to pay for M.L.'s tuition at the Private School for the time period not previously paid from November 1, 2023 through June 30, 2024.

G.  Issue an order requiring Defendants to reimburse Plaintiff for M.L.'s breakfasts and lunches at the Private School from November 2023 through June 2024;

H.  Issue a Judgment awarding Plaintiff costs and attorney's fees as a prevailing party in connection with this litigation as well as the underlying administrative hearing; and

I.  Grant Plaintiff any such other and further relief the Court deems appropriate.


Dated: June 1, 2026
       New York, NY

Respectfully submitted,

*/s/ Sarah Krissoff*
Sarah Krissoff
Cozen O'Connor
3 WTC, 175 Greenwich St., 55 Fl.
New York, NY 10007
T: (212) 908-1388


*/s/ Samantha Stratford*
Samantha Stratford
Cozen O'Connor
2001 M Street NW, Suite 500
Washington, DC 20036
T: (202) 280-6488

*/s/ Rebecca Shore*
Advocates for Children of New York
151 W 30th St., 5th Floor
New York, NY 10001
T: (212) 822-9574

*Attorneys for Plaintiff*

13